IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                          CASE NO. 5:17-CR-50010

JONATHAN E. WOODS;
OREN PARIS III; and
RANDELL G. SHELTON, JR.                                              DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Defendant Oren Paris III's Motion to Sever (Doc. 46), the Government's Response in Opposition (Doc. 49) and Brief (Doc. 54), and Mr. Paris's Brief (Doc. 56) in reply. Also before the Court are Defendant Jonathan Woods's Motion to Continue (Doc. 47), and Mr. Paris's Objection to Mr. Woods's Motion (Doc. 52). During a May 23, 2017 hearing, the Court received oral argument on both Motions, and ruled from the bench that Mr. Paris's Motion would be **DENIED** and Mr. Woods's Motion would be **GRANTED**. This written Opinion and Order serves to memorialize and explain those rulings. If anything in this written Opinion and Order conflicts with what the Court stated from the bench, then this written Opinion and Order controls.

On March 1, 2017, a 13-count Indictment was filed in this Court, charging Mr. Woods, Mr. Paris, and Defendant Randell G. Shelton, Jr. with aiding and abetting each other in the commission of honest-services mail and wire fraud, in violation of 18 U.S.C. §§ 2, 1341, 1343, and 1346, and also charging Mr. Woods with violating 18 U.S.C. § 1957 by laundering money that was derived from the fraudulent scheme. *See* Doc. 1, ¶¶ 20– 21, 23. On March 28, each defendant was arraigned, entered a plea of not guilty to the

1

Indictment, and was released on an unsecured bond pending trial. See Docs. 17, 21, 25. On April 18, the Government filed a 16-count Superseding Indictment, charging the same defendants with violating the same aforementioned statutes, see Doc. 29, ¶¶ 20–21, 23, and on April 24 each defendant entered a plea of not guilty to the Superseding Indictment, see Docs. 39, 41, 44. That same day, Mr. Paris and Mr. Woods filed the Motions that are the subject of this Opinion and Order. Below, the Court discusses Mr. Paris's Motion to Sever first, and then takes up Mr. Woods's Motion to Continue.

## I. MOTION TO SEVER (Doc. 46)

Fed. R. Crim. P. 8(b) states that "[t]he indictment . . . may charge 2 or more defendants if they are alleged to have participated . . . in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Mr. Paris does not contend that joinder was improper in this case, but he asks the Court to sever his trial from that of his codefendants under Fed. R. Crim. P. 14(a), which provides that "[i]f the joinder of . . . defendants in an indictment . . . or a consolidation for trial appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

"Severance is appropriate if there is 'a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Wilkens*, 742 F.3d 354, 358 (8th Cir. 2014) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). "[A] defendant seeking severance must show 'real prejudice,' that is 'something more than the mere fact that he would have had a better chance for acquittal had he been tried

2

separately.'" *United States v. Blaylock*, 421 F.3d 758, 766 (8th Cir. 2005) (quoting *United States v. Oakie*, 12 F.3d 1436, 1441 (8th Cir. 1993)). "To show real prejudice, the defendant must establish that '(a) his defense is irreconcilable with that of his co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants.'" *United States v. Davis*, 534 F.3d 903, 916–17 (8th Cir. 2008) (quoting *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004)). "In addition, the Supreme Court has recognized that a defendant is deprived of his rights under the Confrontation Clause when a co-defendant's confession that incriminates both defendants is introduced at their joint trial, even if the jury is instructed to consider that confession only against the non-testifying defendant." *United States v. Barber*, 901 F. Supp. 2d 1119, 1122 (N.D. Iowa 2012) (citing *Bruton v. United States*, 391 U.S. 123 (1968)).

However, "[t]he Supreme Court has made it clear that the risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions . . . ." *United States v. Delpit*, 94 F.3d 1134, 1144 (8th Cir. 1996). Ultimately, even if prejudice is shown, Rule 14 does not necessarily require severance; rather, the decision whether to sever trials or to tailor some other form of relief is committed to the district court's discretion. *Zafiro*, 506 U.S. at 538–39; *United States v. Midkiff*, 614 F.3d 431, 440 (8th Cir. 2010).

Except for counts 3 and 16, every count in the Superseding Indictment is charged against all three defendants. The Superseding Indictment alleges that while Mr. Woods was a member of the Arkansas General Assembly and Mr. Paris was the president of a college in Springdale, Arkansas, they participated in a bribery and kickback scheme with respect to the distribution of public funds as grants; Mr. Shelton, a consultant, is alleged

3

to have served as a go-between for Mr. Woods and Mr. Paris in this scheme. The Superseding Indictment also makes reference to various acts taken in furtherance of this scheme by other uncharged individuals and entities.

Mr. Paris makes two general arguments in support of his Motion to Sever. First, he argues that if his trial is not severed, the jury will be unable to compartmentalize the evidence regarding Count 3 of the Superseding Indictment, and that this will operate to prejudice Mr. Paris, since Count 3 is the only fraud count that is not brought against any defendant except Mr. Woods. Second, Mr. Paris argues that a consolidated trial would violate Mr. Paris's Confrontation Clause right to confront witnesses against him because "[i]t is highly likely that in this case one or more statements made by his co-defendant, Mr. Woods, will be offered into evidence at trial." (Doc. 46, p. 3).

The Court is not persuaded by either of Mr. Paris's arguments. With respect to his first argument, the Court notes that "a mere disparity in the weight of the evidence is not a valid basis for severance," nor is the fact that some evidence might be admissible against some defendants but not against Mr. Paris, because the Court can simply "instruct[] the jury about the limited use of [such] evidence," and "tell[] the jury that it must give separate consideration to the evidence about each individual defendant and that each defendant is entitled to be treated separately." *United States v. Ali*, 799 F.3d 1008, 1023–24 (8th Cir. 2015) (internal alterations and quotation marks omitted). And with respect to his second argument, the Court observes that the Government has represented that it will not seek to introduce any statements by Mr. Woods that are testimonial in nature unless an exception applies, and that it will not do so without first conferring with defense counsel and presenting the matter to the Court. *See* Doc. 49, p.

4

8 & n.5. The Court will hold the Government to this representation, and accordingly sees this matter as something that can be adequately dealt with through motions in limine, liminal exclusionary rulings as necessary, and sidebars during trial prior to the attempted introduction of any evidence that might violate the Court's liminal rulings. Accordingly, Mr. Paris's Motion to Sever is **DENIED**.

## II. MOTION TO CONTINUE (Doc. 49)

Mr. Woods asks the Court to continue the trial date by roughly six months, so as to permit his attorney sufficient time to prepare his defense. He represents that discovery is voluminous, and indeed, it is quite clear from the Superseding Indictment that this is a very complex case. None of the other parties objects to Mr. Woods's requested continuance—except for Mr. Paris, who would prefer a much earlier trial date. Mr. Paris represents that he was privy to much of the discovery in this case much earlier than his codefendants were, thus giving him "somewhat of a running head start" on his defense preparations. (Doc. 52, p. 1). But the fact that Mr. Paris has gotten a head start on preparations does nothing to cure the prejudice that his codefendants would face by being forced to go to trial before they have been able to adequately review discovery materials. Therefore, granting Mr. Woods's requested continuance is warranted under 18 U.S.C. § 3161(h)(7)(A), (B)(ii), which permits "such continuance on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial," in a case that "is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for . . . the trial itself within the time limits established by this section."

5

Furthermore, granting Mr. Woods's requested continuance would not violate Mr. Paris's rights under the Speedy Trial Act, since "all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants." *United States v. Lightfoot*, 483 F.3d 876, 886 (8th Cir. 2007). And although Mr. Paris also contends the continuance might also violate his Sixth Amendment right to a speedy trial, "[i]t would be unusual to find the Sixth Amendment has been violated when the Speedy Trial Act has not." *United States v. Jeanetta*, 533 F.3d 651, 656 (8th Cir. 2008). There are four factors to consider when deciding whether someone's Sixth Amendment speedy-trial right is being violated: "1) the length of delay; 2) the reason for delay; 3) whether the defendant asserted the right to a speedy trial; and 4) whether the defendant suffered any prejudice." *Id.* However, the Court does not need to consider factors 2 through 4 if the length of delay is not long enough to be presumptively prejudicial. *See id.* The Eighth Circuit has found five-month and seven-month delays insufficiently long to be presumptively prejudicial, and has remarked that "[a] delay approaching one year may meet the threshold for presumptively prejudicial delay." *See id.* (collecting cases). Additionally, the Court notes that Mr. Paris is currently out on bond, and remains employed at the same institution, receiving the same salary, as he was before these charges were brought. For the foregoing reasons, then, the Court believes that under the present circumstances a continuance of approximately six-months would not be sufficiently long to jeopardize Mr. Paris's Sixth Amendment right to a speedy trial.

Therefore, Mr. Woods's Motion to Continue is **GRANTED**. However, the Court remains very sensitive to Mr. Paris's legitimate interest in having these proceedings

6

resolved as speedily as is reasonably possible. Accordingly, the Court will not grant any further continuances of the trial date after today, barring truly extraordinary and presently unforeseeable good cause.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Oren Paris III's Motion to Sever (Doc. 46) is **DENIED**, and Defendant Jonathan Woods's Motion to Continue (Doc. 47) is **GRANTED**. Amended scheduling orders regarding the new trial date and associated deadlines will be filed separately.

**IT IS SO ORDERED** on this 26th day of May, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE