IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**     **PLAINTIFF**

**V.**     **CASE NO. 5:17-CR-50010**

**JONATHAN E. WOODS;**
**OREN PARIS III; and**
**RANDELL G. SHELTON, JR.**     **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court are Defendant Jonathan Woods's Motion and Request for Hearing (Doc. 63), the Government's Response in Opposition (Doc. 67), and Mr. Woods's Reply (Doc. 68). For the reasons given below, Mr. Woods's Motion is **DENIED**.

The Superseding Indictment in this case (Doc. 29) charges Mr. Woods with fourteen counts of wire fraud, one count of mail fraud, and one count of money laundering, all in relation to a bribery conspiracy in which he is alleged to have participated while he was a member of the Arkansas Senate. His codefendants in this case have also been charged with thirteen counts of wire fraud each and one count of mail fraud each, all in relation to the same alleged scheme. All three codefendants in this case have entered pleas of not guilty to the Superseding Indictment.

Mr. Woods contends that from June 18, 2016 "until late 2016," a defendant in a separate but related case secretly recorded approximately forty conversations he had with Mr. Woods on the subject of Mr. Woods's involvement in the matters described in the Indictment and Superseding Indictment in this case, and that he appears to have made these secret recordings at the Government's direction. See Doc. 63, ¶¶ 8–11. Mr.

1

Woods further contends that throughout this entire time period, the Government "had full knowledge" that Mr. Woods was represented by counsel. *See id.* at ¶ 5. Mr. Woods argues that these events violated his right to counsel as guaranteed by the Sixth Amendment of the United States Constitution, *see Massiah v. United States*, 377 U.S. 201, 205–07 (1964) (holding that federal agents violated the Sixth Amendment by deliberately eliciting self-incriminating statements from a represented defendant through conversations with a bugged informant, outside the presence of the defendant's counsel, after the defendant had been indicted), and that the recordings as well as any other evidence derived from these violations should be suppressed as "fruit of the poisonous tree," *see Wong Sun v. United States*, 371 U.S. 471, 487–88 (1963). Mr. Woods also argues that the recordings indicate a violation of Rule 4.2 of the Arkansas Rules of Professional Conduct. Accordingly, Mr. Woods "is requesting a hearing on this matter to determine the circumstance surrounding these recordings." *See* Doc. 63, ¶ 11. At the end of the hearing, Mr. Woods would "seek all relief that he may be entitled to as a result of any violations of his Sixth Amendment right to counsel and any other applicable rights and rules." *See id.*

The Government agrees that the recordings were made, but denies that the individual who made them was acting in coordination with, or under the direction of, the Government. But regardless, the Government maintains that there would have been nothing illegal or improper about it coordinating with or directing the recording activities, because "adversary judicial criminal proceedings" had not yet been initiated against Mr. Woods at the time the recordings were made. *See Kirby v. Illinois*, 406 U.S. 682, 689 (1972). There is no need for the Court to resolve the factual dispute over whether the

Government coordinated with or directed the recording activities, because the Court agrees with the Government that, under controlling legal precedent, it would not have been a Sixth Amendment violation for the Government to do exactly what Mr. Woods accuses it of doing.

The Supreme Court has held that "a person's Sixth . . . Amendment right to counsel attaches only at or after the time that adversary judicial proceedings have been initiated against him . . . whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." *See id.* at 688–89. None of those events had yet occurred at the time the recordings of Mr. Woods were made. And although it is not clear to the Court whether Mr. Woods had ever been arrested on some date prior to one or more of the recording activities, Mr. Woods has not contended that he was in custody during any of the recorded conversations,[1] and at any rate, the Eighth Circuit has "repeatedly held that the [Sixth Amendment] right [to counsel] does not attach with an arrest, even an arrest preceded by the filing of a complaint under Rule 3 of the Federal Rules of Criminal Procedure." *Beck v. Bowersox*, 362 F.3d 1095, 1102 (8th Cir. 2004).

As for Rule 4.2 of the Arkansas Rules of Professional Conduct, it states in subsection (a) that "[i]n representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law." Comment 5 to that Rule explains that "[c]ommunications authorized by law may . . . include investigative activities of lawyers representing governmental entities,

---

[1] If Mr. Woods was in custody during any of the conversations, that could implicate his *Fifth* Amendment right to counsel, *see Miranda v. Arizona*, 384 U.S. 436, 467–70 (1966), an issue which he has not raised here.

3

directly or through investigative agents, prior to the commencement of criminal or civil enforcement proceedings." As the Eighth Circuit observed when interpreting an almost identically-worded provision in the Minnesota Code of Professional Responsibility and applying it to facts that were strongly analogous to the ones presently before this Court:[2] "We do not believe that . . . the Code of Professional Responsibility was intended to stymie undercover investigations when the subject retains counsel." *United States v. Fitterer*, 710 F.2d 1328, 1333 (8th Cir. 1983). **IT IS THEREFORE ORDERED** that Defendant Jonathan Woods's Motion and Request for Hearing (Doc. 63) is **DENIED**.

**IT IS SO ORDERED** on this \_\_8th\_\_ day of September, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[2] In *Fitterer*, before adversarial proceedings were initiated against the defendant (Mr. Fitterer), but after Mr. Fitterer had retained counsel, the Government "obtained help in the investigation from one of Fitterer's accomplices," who "agreed to wear a tape recorder and a transmitter to a meeting with Fitterer and thereby helped obtain incriminating evidence." *See* 710 F.2d at 1330, 1333.

4