IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                    CASE NO. 5:17-CR-50010

JONATHAN E. WOODS;
OREN PARIS III; and
RANDELL G. SHELTON, JR.                                              DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Defendant Jonathan Woods's Motion and Request for Reconsideration of the Court's Opinion and Order Denying Woods' Request for a Hearing (Doc. 83), and the Government's Response in Opposition (Doc. 87). Mr. Woods's Motion is **DENIED**.

On September 8, 2017, this Court entered an Order denying Mr. Woods's previous request for a hearing. Mr. Woods's previous request for a hearing was premised on the notion that the Government might have violated his Sixth Amendment right to counsel by having another individual secretly record conversations with Mr. Woods after the Government knew Mr. Woods was being represented by counsel. The Court concluded that there was no point in holding a hearing on the matter, because even if the Government did what Mr. Woods accused it of doing, this would not have violated Mr. Woods's Sixth Amendment right to counsel, which attaches only when the Government initiates "adversarial judicial proceedings" against a defendant. See Doc. 72, p. 3 (quoting Kirby v. Illinois, 406 U.S. 682, 688–89 (1972)). Here, at the time of the alleged recordings, there had been no "formal charge, preliminary hearing, indictment, information, or

1

arraignment" with respect to Mr. Woods, which is the sort of event necessary to initiate such adversarial judicial proceedings. *See id.*

Now, Mr. Woods asks the Court to reconsider this prior ruling. In support of his request, he offers three arguments. First, he contends that although Mr. Woods had not yet been charged at the time of the recordings, a grand jury had already been convened, and that a grand jury is "a criminal proceeding." But even accepting Mr. Woods's characterization for the sake of argument, the key question for Sixth Amendment purposes here is not whether a grand jury is "a criminal proceeding." Rather, the question is whether a grand jury is an *adversarial* criminal proceeding. And it is not. "A grand jury is not an adversary hearing . . . . Rather, it is an ex parte investigation to determine whether a crime has been committed and whether criminal proceedings should be instituted against any person." *See United States v. Calandra*, 414 U.S. 338, 343 (1973).

Second, Mr. Woods argues that his Sixth Amendment right to counsel had already attached at the time of the alleged recordings, because Mr. Woods had previously given a proffer interview to the Government. But this argument misses the point, which is that at the time Mr. Woods gave the proffer interview, adversarial judicial criminal proceedings had not been initiated against him. The only case Mr. Woods cites in support of this particular argument involves cooperation that a criminal defendant provided to the Government while represented by counsel *after* that defendant had been indicted and arraigned. *See Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1101, 1105 & n.4 (8th Cir. 2011). Again, in the instant case, Mr. Woods had not yet been charged or arraigned at the time of the alleged secret recordings.

2

Finally, Mr. Woods asserts that in addition to violating his Sixth Amendment right to counsel, the Government's conduct here violated his right to due process under the Fifth and Fourteenth Amendments. But Mr. Woods cites no caselaw in support of this proposition, and his only factual elaboration on this assertion is a general reference to "the totality of circumstances." This is an insufficient basis for the Court to conclude that an evidentiary hearing would yield any evidence of Government conduct that is so "outrageous" as to "shock the conscience of the court," which is what would be required for Mr. Woods to show a violation of his due process rights. *See United States v. King*, 351 F.3d 859, 867 (8th Cir. 2003).

**IT IS THEREFORE ORDERED** that Defendant Jonathan Woods's Motion and Request for Reconsideration of the Court's Opinion and Order Denying Woods' Request for a Hearing (Doc. 83) is **DENIED**.

**IT IS SO ORDERED** on this 18th day of October, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE