IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

V.                          CASE NO. 5:17-CR-50010

JONATHAN E. WOODS;
OREN PARIS III; and
RANDELL G. SHELTON, JR.                                         DEFENDANTS

## OPINION AND ORDER

Currently before the Court are the Government's First Motion in Limine (Doc. 160) and Brief in Support (Doc. 161), Defendant Randell G. Shelton's Response (Doc. 179), and Defendant Oren Paris III's Response (Doc. 180). The Government asks the Court to enter "an Order prohibiting the Defendants, their counsel, and any defense witnesses from asking any question, introducing any evidence, or making any statement regarding the following" four matters: (1) undisclosed defense exhibits, (2) references to potential punishment, (3) specific instances of good conduct, and (4) exculpatory hearsay. *See* Doc. 160, p. 1. The Government's Motion will be granted as to the latter three categories, because no Defendant has expressed any opposition to those requests.[1]

---

[1] Dr. Paris states that his "counsel is aware of, and intends to follow[] the evidentiary rules typically applicable to hearsay," but he also characterizes the Government's Motion as stating that the Government "intends to offer inculpatory statements while excluding portions of statements it deems exculpatory." *See* Doc. 180, p. 2. The Court does not understand the Government's Motion to be seeking permission to introduce any sort of out-of-court statement, inculpatory or otherwise, and this Order should not be construed as making any ruling on the admissibility of any out-of-court statements that the Government might seek to introduce at trial.

1

With respect to undisclosed defense exhibits, the Government contends that no Defendant has provided reciprocal discovery to the Government under Fed. R. Crim. P. 16(b), and asks the Court to prohibit the Defendants "from introducing the undisclosed evidence" under Fed. R. Crim. P. 16(d)(2)(C). But Dr. Paris and Mr. Shelton indicate that they might seek to rely on exhibits that the Government produced to the Defendants in discovery. See Doc. 179, pp. 1–2; Doc. 180, pp. 1–2. It would be unreasonable to prohibit them from doing so simply because they never undertook the pointless formality of providing the Government with copies of materials that the Government had already provided to them. Since the relief sought on this particular matter by the Government is overbroad, the Government's request will be denied. The Government is free to object at trial to the admissibility of any particular exhibit that a Defendant might seek to offer, if the Government believes the exhibit at issue should be excluded under Rule 16(d)(2)(C). The Court will rule on any such objection at the time it is made, in light of the particular context for the exhibit at issue, but the Court will not enter a generic, across-the-board prohibition at this time.

**IT IS THEREFORE ORDERED** that the Government's First Motion in Limine (Doc. 160) is **GRANTED IN PART AND DENIED IN PART** as described above.

**IT IS SO ORDERED** on this 29th day of November, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE