IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

V.                          CASE NO. 5:17-CR-50010

JONATHAN E. WOODS;
OREN PARIS III; and
RANDELL G. SHELTON, JR.                                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Currently before the Court are:

- Defendant Randell G. Shelton's Motion in Limine to Exclude Potential Expert Witness Testimony and Evidence (Doc. 169), the Government's Response (Doc. 189), and Mr. Shelton's Reply (Doc. 204);

- Mr. Shelton's Motion to Sever (Doc. 171), and the Government's Response (Doc. 198);

- Mr. Shelton's Request for Jury Trial on Forfeiture Count (Doc. 172), and the Government's Response (Doc. 183); and

- Mr. Shelton's Motion to Exclude Government's Notice of 404(b) Evidence (Doc. 174), and the Government's Response (Doc. 187).

For the reasons given below, the Motion in Limine to Exclude Potential Expert Witness Testimony and Evidence is **GRANTED IN PART AND DENIED IN PART**, and the other three Motions are all **DENIED**.

1

## I. MOTION IN LIMINE REGARDING EXPERT TESTIMONY (Doc. 169)

Mr. Shelton states that the Government has not provided Mr. Shelton with any timely notice of intent to use expert testimony, and accordingly, he asks the Court to prohibit the Government "from introducing any testimony from any expert witnesses at the trial of this matter"—specifically, testimony that he expects the Government will attempt to introduce through an individual named Stephen Gibson-Saxty. Mr. Gibson-Saxty is an employee of Endpoint Exchange, who the Government intends to call in its case-in-chief "to testify that electronic transactions that exchange check images involving participating 'sending banks' and 'receiving banks' are processed by Endpoint Exchange using servers located in Milwaukee, Wisconsin." (Doc. 189, p. 1). The Government intends to use this testimony as part of its proof that the wire communications in this case crossed state lines, which is an essential element of some of the charges against Mr. Shelton. *See id.*

Mr. Shelton contends that Mr. Gibson-Saxty's anticipated testimony would be expert opinion testimony within the meaning of Fed. R. Evid. 702. The Court disagrees, at least on the basis of what is presently before it. The Court sees no reason why identifying the physical location of Endpoint Exchange's servers would require "scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). And the Court does not presently have any reason to believe that Mr. Gibson-Saxty's testimony about how his employer processes electronic check transactions would not be "rationally based on [his] perception" and "helpful . . . to determining a fact in issue." Fed. R. Evid. 701(a)—(b). Thus, Mr. Gibson-Saxty's anticipated testimony would appear at this time simply to be either straightforward fact testimony or permissible lay opinion.

Nor does the Court think there is any problem, as Mr. Shelton contends, with the fact that Mr. Gibson-Saxty may not have directly observed the particular transactions at issue in this case. If Mr. Gibson-Saxty is directly familiar with the processes at Endpoint Exchange about which he will be testifying, then his testimony about what those processes are would likely be "rationally based on [his] perception." Such testimony might be circumstantial, rather than direct, evidence of how the particular transactions at issue in this case were processed, but that goes to weight rather than admissibility.

This is not to say the Court will permit an opinionated free-for-all from Mr. Gibson-Saxty, or from any other witness for the Government, for that matter. The Government provided Mr. Shelton a summary of Mr. Gibson-Saxty's anticipated testimony well after the deadline for it to provide Mr. Shelton with summaries of expert testimony that would be offered under Rule 702. So the Court will not permit the Government to attempt to elicit testimony from Mr. Gibson-Saxty that falls within the parameters of Rule 702. But as Mr. Gibson-Saxty's anticipated testimony has been described to the Court thus far, the Court does not believe it will run afoul of that restriction. Accordingly, Mr. Shelton's Motion in Limine to Exclude Potential Expert Witness Testimony and Evidence (Doc. 169) will be **GRANTED IN PART AND DENIED IN PART.**

## II. MOTION TO SEVER (Doc. 171)

Mr. Shelton asks the Court to sever his trial from that of his codefendant Jonathan Woods, on the grounds that at trial the Government might introduce prior confessions or inculpatory statements by Mr. Woods, which would create a conflict between Mr. Shelton's Sixth Amendment right to confront witnesses against him and Mr. Woods's Fifth Amendment right not to testify. *See* Doc. 171. But the Government has stated that it will

not introduce any testimonial statements made by Mr. Woods during its case-in-chief, but instead will only introduce such statements in rebuttal if Mr. Woods voluntarily takes the stand and provides testimony that is materially inconsistent with those prior statements. Thus, there is no potential conflict between these two Defendants' Sixth and Fifth Amendment rights. *See Nelson v. O'Neil*, 402 U.S. 622, 629 (1971) ("We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no right protected by the Sixth and Fourteenth Amendments.").

### III. REQUEST FOR JURY TRIAL (Doc. 172)

The Second Superseding Indictment includes a forfeiture allegation against the Defendants, seeking forfeiture of property "which constitutes or is derived from proceeds traceable to" the alleged criminal violations. *See* Doc. 74, p. 35. The Forfeiture Allegation states that "[t]he property to be forfeited includes, but is not limited to a money judgment." *Id.* Mr. Shelton requests a jury trial on the Forfeiture Allegation pursuant to Fed. R. Crim. P. 32.2(b)(5). However, in its Response the Government has disclaimed any intent to seek forfeiture of specific property, but rather has clarified that it will only be seeking a money judgment. *See* Doc. 183, pp. 1–2. Rule 32.2(b)(5) "by its plain language applies only to the forfeitability of specific property." *United States v. Gregoire*, 638 F.3d 962, 972 (8th Cir. 2011) (internal quotation marks omitted). Therefore, Mr. Shelton is not entitled to a jury trial on the Forfeiture Allegation, and his Request (Doc. 172) will be **DENIED**. *See id.* ("As the government disclaimed any intent to seek forfeiture of specific property, there was no issue for the jury.").

## IV. MOTION REGARDING 404(b) NOTICE (Doc. 174)

On September 28, 2017, Mr. Shelton filed a Motion to Compel Notice of 404(b) Evidence Forthwith (Doc. 102). On October 4, the Government filed its Response, in which it described the evidence it intends to present at trial which it contends is admissible under 404(b). *See* Doc. 109. The Court found Mr. Shelton's Motion moot on October 16, since the Government's Response apparently gave him what he asked for and he never replied or indicated otherwise. *See* Doc. 123. But then on November 8, a little more than three weeks after the Court's Order, Mr. Shelton filed a belated "Reply" to the Government's aforementioned Response, contending that the Government's 404(b) notice was deficient, and moving the Court to exclude the evidence described in that notice. *See* Doc. 174, p. 1.

Mr. Shelton says that for any given item of evidence described in the Government's notice, he is unable to determine whether the Government believes it is *res gestae* evidence or 404(b) evidence; but that in any event, it is all actually neither. None of it is 404(b) evidence, he says, because "it does not describe evidence of 'crimes, wrongs, or other acts,'" and none of it is *res gestae* evidence because "it does not add to the description of the charged offenses." *See* Doc. 174, pp. 3–4. But if this is Mr. Shelton's position, then the Court does not understand what his objection to this evidence's admissibility is. If it does not describe evidence of "crimes, wrongs, or other acts," then presumably he does not consider the evidence to carry risk of unfair prejudice at trial. And if it does not "add to the description of the charged offenses," then presumably he either believes it is well within the scope of facts already described in the indictment, or simply wholly irrelevant. But if he believes the latter, then one would have expected him

5

to move for the evidence to be excluded under Fed. R. Evid. 402, which he has not done. So given all of this, and given that the Government's notice was only describing evidence that the Government had already provided Mr. Shelton several months prior, the Court does not understand what the Government's notice failed to provide Mr. Shelton to which he feels he is entitled; and the Court does not understand what grounds he contends exist for excluding the evidence described therein. Therefore, Mr. Shelton's Motion to Exclude Government's Notice of 404(b) Evidence (Doc. 174) will be **DENIED**.

## V. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Randell G. Shelton's Motion in Limine to Exclude Potential Expert Witness Testimony and Evidence (Doc. 169) is **GRANTED IN PART AND DENIED IN PART**, and that Mr. Shelton's Motion to Sever (Doc. 171), Request for Jury Trial on Forfeiture Count (Doc. 172), and Motion to Exclude Government's Notice of 404(b) Evidence (Doc. 174) are all **DENIED**.

**IT IS SO ORDERED** on this 29th day of November, 2017.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE