IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                       CASE NO. 5:17-CR-50010

JONATHAN E. WOODS;
OREN PARIS III; and
RANDELL G. SHELTON, JR.                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are the Government's Motion to Quash Subpoenas for Records Issued to Kenneth Elser and Robert Cessario (Doc. 262) and Defendant Jonathan E. Woods's Response (Doc. 263). For the reasons given below, the Government's Motion is **GRANTED IN PART AND DENIED IN PART**.

### I. BACKGROUND

An evidentiary hearing is set to be held in this case on January 10, 2018, at 9:00 a.m. The primary purpose of this hearing is to determine whether certain documents obtained by the Government and produced to Mr. Woods in discovery are subject to the attorney-client privilege, and if so, then whether Mr. Woods has waived that privilege.[1] If the Court rules that those documents are and remain subject to the privilege, then an additional purpose of the hearing would be to determine (1) whether the Government acquired these documents through misconduct, and (2) the extent, if any, to which Mr. Woods has suffered prejudice as a result of that acquisition. However, if the Court rules

---

[1] Because of the potential privilege at issue, the hearing will be closed to the public and to Mr. Woods's codefendants in this case.

1

that those documents are not subject to the privilege, then an additional purpose of the hearing would be to determine (1) whether the premise of Mr. Woods's Motion to Dismiss (Doc. 211) has been rendered moot, and (2) whether there is any other reason why these documents should not be disclosed to Mr. Woods's codefendants. The Court does not intend for the scope of the January 10 evidentiary hearing to extend beyond this limited set of issues.

On December 28, 2017, Mr. Woods caused subpoenas to be served on Kenneth Elser, who is counsel for the Government in this case, and Robert Cessario, who is an FBI Agent for the Government in this case. The subpoenas command these two individuals to testify at the January 10 hearing. The subpoenas also command these two individuals to bring documents to the January 10 hearing. Specifically, Agent Cessario's subpoena commands him to bring his "complete case file regarding Jonathan Woods." See Doc. 262-2, p. 1. Mr. Elser's subpoena commands him to:

> Please bring a copy of all written communications sent and/or received from W.H. Taylor[2] regarding Jon Woods beginning on October 1, 2015 through December 28, 2017. This includes all correspond[e]nce, including letters, emails, and text messages. Also include dates and times of all phone calls made to W.H. Taylor during the same time period.

See Doc. 262-1, p. 1.

The Government has moved to "quash these subpoenas' documentary requests." See Doc. 262, p. 4. The Government's Motion also expresses some skepticism about the need for testimony from these two individuals, see Doc. 262, p. 3 n.3, but it does not appear to seek or argue for outright quashal of the subpoena's commands to appear and

---

[2] W.H. Taylor was counsel for Mr. Woods during a pre-indictment phase of the investigation of this case.

2

provide testimony. Accordingly, the Court will restrict its analysis in this Opinion and Order solely to the issue of whether these subpoenas' *documentary requests* should be quashed.

## II. LEGAL STANDARD

Here, with respect to each subpoena, Mr. Woods bears the burden of proof to show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). "[I]n order to carry his burden," Mr. Woods "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700.

Importantly, "subpoenas duces tecum are not meant to serve as tools of discovery in criminal cases." *United States v. Bueno*, 443 F.3d 1017, 1026 (8th Cir. 2006) (citing *Nixon*, 418 U.S. at 698–99). And even if Mr. Woods satisfies "the minimal requirements for relevance, admissibility, and specificity under *Nixon*, the district court may still properly quash a subpoena under Rule 17(c) if 'compliance would be unreasonable or oppressive.'" *See United States v. Hardy*, 224 F.3d 752, 756 (8th Cir. 2013) (quoting Fed. R. Crim. P. 17(c)(2)). Ultimately, the decision whether to quash these subpoenas is committed to this Court's discretion. *See Bueno*, 443 F.3d at 1026. When exercising that discretion, this Court may "determine whether 'the burden of producing subpoenaed

3

records greatly outweighs any relevance they may have to the case.'" *See Hardy*, 224 F.3d at 756 (quoting *United States v. Roach*, 164 F.3d 403, 412 (8th Cir. 1998)).

## III. DISCUSSION

The Court will begin its analysis with Agent Cessario's subpoena. The Court will quash this subpoena for documents because it completely lacks the requisite specificity and relevance and is unduly burdensome. Interpreted literally, it would require Agent Cessario to bring every single document he has ever compiled or possessed regarding this case. That is wildly beyond the scope of the January 10 evidentiary hearing.

Mr. Woods explains in his Response that he is not seeking to obtain these himself, but rather simply wants Agent Cessario to have them available for reference while he is testifying. But be that as it may, it does nothing to mitigate the aforementioned problems of vagueness, irrelevance, and undue burden. The Court certainly appreciates the utility of having relevant documents available for witnesses to reference while providing testimony. But this type of overly broad subpoena for documents is not an appropriate way to effectuate that purpose.

Turning to Mr. Elser's subpoena—it will be quashed to the extent it seeks "dates and times of all phone calls made to W.H. Taylor" from October 1, 2015 through December 27, 2017, because it is easily procurable by other means. Specifically, counsel for Mr. Woods can simply ask Mr. Taylor about such dates and times while he is testifying at the January 10 hearing. Similarly, the Court will also quash this subpoena to the extent it seeks written communications with Mr. Taylor regarding Mr. Woods that occurred while Mr. Taylor was representing Mr. Woods—*i.e.*, before March 25, 2016—because these are also easily procurable by other means. Specifically, counsel for Mr. Woods can simply

4

request them directly from Mr. Taylor in writing, who has an ethical and professional obligation to turn all such communications over to Mr. Woods upon request. *See* Ark. R. Prof. Cond. 1.19(a)(1) ("client file" includes "correspondence . . . in furtherance of the representation"); Ark. R. Prof. Cond. 1.19(a)(3) (lawyer must surrender client's file to client upon that client's "written request in any format").

However, the Court will deny quashal of Mr. Elser's subpoena for documents to the extent it seeks written communications with Mr. Taylor regarding Mr. Woods that occurred while Mr. Taylor was no longer representing Mr. Woods—*i.e.*, on or after March 25, 2016. Such documents are described in the subpoena with sufficient specificity to permit identification and production, and they are relevant to the core issue of alleged intentional Governmental infringement of Mr. Woods's attorney-client privilege. Likewise, this portion of the subpoena for documents is circumscribed narrowly enough not to be a "fishing expedition." The Court is presently unaware of any reason such documents would not be admissible at the hearing. They do not appear to be otherwise easily procurable directly from Mr. Taylor, because they would likely fall outside the scope of Ark. R. Prof. Cond. 1.19.

Finally, the Court does not believe enforcing this portion of the subpoena for documents would unduly burden the Government because, as Mr. Woods points out in his Response, the Government's own Motion to Quash indicates that it already "has all of [Mr. Elser]'s communications with [Mr. Taylor], regarding Defendant Woods, in an organized manner." (Doc. 263, p. 4). Furthermore, the Court has been operating under the impression for some time now that the Government has already provided all such communications to the Court, and that the Court has already made such communications

5

available to Woods in its Order at Doc. 253. But to be perfectly clear: to whatever extent the Government has not already produced all written communications between Mr. Elser and Mr. Taylor regarding Mr. Woods that occurred on or after March 25, 2016, the Court will require them to be produced at the January 10 hearing, pursuant to Mr. Woods's subpoena.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's Motion to Quash Subpoenas for Records Issued to Kenneth Elser and Robert Cessario (Doc. 262) is **GRANTED IN PART AND DENIED IN PART** as follows: at the January 10, 2018 hearing in this matter, Mr. Elser must bring a copy of all written communications sent and/or received from W.H. Taylor regarding Jonathan E. Woods beginning on March 25, 2016 through December 27, 2017. This includes all correspondence, including letters, emails, and text messages. In all other respects, the subpoenas for documents that have been served on Mr. Elser and Agent Cessario by counsel for Mr. Woods will be **QUASHED**.

**IT IS SO ORDERED** on this 9th day of January, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE