IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**V.**                      **CASE NO. 5:17-CR-50010**

**JONATHAN E. WOODS;**
**OREN PARIS III; and**
**RANDELL G. SHELTON, JR.**                                       **DEFENDANTS**

## OPINION AND ORDER

Last year the parties in this case were embroiled for a while in a discovery dispute regarding an August 4, 2017 production by the Government to the Defendants of a very large number of documents on a one-terabyte hard drive. In a written Order filed on November 3, 2017, this Court observed that "Mr. Shelton's counsel asks the Court to 'exclude all evidence that was not produced prior to August 4,' other than 'any required *Brady* material or exculpatory and impeachment evidence.'" *See* Doc. 150, pp. 2–3. The Court specifically denied this request in that same Order, explaining that although "the Court does *not* believe that the August 4 hard-drive production would be independently sufficient to satisfy any of the Government's discovery obligations in this case," the Court would not "sanction the Government for giving (or trying to give) the Defendants more than they are entitled to, so long as the Government produces the information to which the Defendants *are* entitled in a manner that is compliant with its legal obligations and reasonable under the circumstances." *See id.* at 3–4 (emphasis in original).

At a pretrial hearing on November 30, 2017, counsel for Defendant Randell Shelton inquired of the Court about that previous Order, and the following exchange took

1

place between Chad Atwell (counsel for Mr. Shelton), Kenny Elser (counsel for the Government) and the Court:

MR. ATWELL: Your Honor, just briefly. I want to understand the Court's order on that. On that one terabyte hard drive, I understand the Court hasn't heard enough about [it] at this point. But was the Court's ruling that that one terabyte hard drive will be excluded and all the information thereon unless previously produced prior to that August 4th date?

THE COURT: Right. I'm sure there's a better way to articulate it, that I'm incapable of right now, but generally speaking, my understanding is that that contained 4.3 million documents of which 500,000 had been previously produced. The Court's ruling is if the residual number is 3.8 million that were not produced prior to that date, the government may not introduce those.

MR. ELSER: Your Honor—

MR. ATWELL: And I wanted to clarify—thank you. I wanted to clarify, Judge, that that would include if the government happened to excise bits and pieces as they figured out what was on there and later produced it.

THE COURT: You're going to have to give me an example. I don't understand that.

MR. ATWELL: Well, I didn't bring my big terabyte today. But, for example, obviously understanding that if it was previously produced and it's duplicated on that hard drive, then that's coming in if it otherwise comes in subject to the rules. But if that is out and Mr. Elser stated in his October letter they weren't going to use any of that information, then if that information is then contained in a smaller form disclosure say, yet, another month later, then it is still being excluded by the Court: It's not the form of the disclosure; it's the information contained on the terabyte?

THE COURT: *Well, I don't know that I can make a broad, sweeping ruling like that.* For example, documents have been subpoenaed for trial. I don't know of any reason why those would not be admissible at trial right now. I don't know either way, but let's say that those documents were part of the 3.8 million previously nondisclosed documents. I can see how there would be an issue that that wouldn't be subject to the ruling that the Court has made, but I don't know.

MR. ELSER: Your honor, may we be heard on that?

THE COURT: Yes.

MR. ELSER: So the government's representation, and Mr. Atwell continues to try to twist it in pleadings and all, and it was that unless separately produced, the government would not use anything on the hard drive that was not separately produced.

THE COURT: Separately produced meaning what?

MR. ELSER: Meaning in separate discovery, other than the hard drive. For instance, in addition to the hard drive on August 4th, there were records regarding acts that were—official copies of acts and things such as that that were produced. After that, as the Court has read, the government has produced separately of the terabyte hard drive records that were part of an ongoing discovery.

THE COURT: The Court's ruling only applied to the terabyte hard drive, and it only applied to the 3.8 million approximate documents that had not previously been produced. *I am not excluding by the ruling some other materials that were produced at the same time as the one terabyte drive, and I'm not presently excluding any of the other document productions that have occurred since August 4th or August 7th.*

(Doc. 260, pp. 128–31) (emphasis added).

Mr. Shelton now asks, in light of this previous discussion, that the Court enter an order that "in the trial of this matter, the Government may not introduce any of the 3.8 million documents that were contained on the one terabyte hard-drive, produced on August 4, 2017, unless those records had been previously produced to the defendants, prior to August 4, 2017." See Doc. 326-1, ¶ 7. The Court will not do this, because that would be flatly contrary to what this Court's previous ruling on this matter actually was. As noted above, on November 3, 2017, this Court specifically *denied* Mr. Shelton's request that it "exclude all evidence that was not produced prior to August 4." See Doc.

3

150, pp. 2–4. And although initially there was admittedly some unintended ambiguity from the Court during the November 30 discussion of the matter, the Court's ultimate, explicit, and unmistakable pronouncement from the bench during that hearing was that the Court was *not* "excluding any of the other document productions that have occurred *since* August 4th or August 7th." *See* Doc. 260, p. 131 (emphasis added).

The Court's prior ruling that the August 4 hard-drive production would not "be independently sufficient to satisfy" the Government's discovery obligations meant nothing more and nothing less than what it literally said: that the August 4 hard-drive production would not be independently sufficient to satisfy the Government's discovery obligations. When the Court wrote that Mr. Shelton's request for exclusion of all evidence not produced prior to August 4 was "denied," the Court meant that Mr. Shelton's request for exclusion of all evidence not produced prior to August 4 was denied. And when the Court ultimately clarified at the November 30 hearing that it was "not presently excluding any of the other document productions that have occurred since August 4th or August 7th," the Court indeed meant that it was not presently excluding any document productions made after August 7. So when Mr. Shelton argues that he now needs entry of a written order squarely contradicting all of this so as to "avoid undue surprise and prejudice to Mr. Shelton during trial," the Court can only conclude that Mr. Shelton's preparation for trial has been premised more on wishful thinking than on what this Court's rulings actually said.

**IT IS THEREFORE ORDERED** that Mr. Shelton's Motion and Request for Written Order (Doc. 326) is **DENIED**.

**IT IS SO ORDERED** on this 5th day of April, 2018.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

5