IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**          **PLAINTIFF**

V.          **CASE NO. 5:17-CR-50010**

**JONATHAN E. WOODS;**
**OREN PARIS III; and**
**RANDELL G. SHELTON, JR.**          **DEFENDANTS**

## ORDER

The Court has received several inquiries from members of the public, seeking permission to access the Government's exhibits from the trial of Defendants Jonathan E. Woods and Randell G. Shelton, Jr. that was held in this case from April 9, 2018 through May 3, 2018. Generally speaking, members of the public have a common-law right of access to judicial records, although that right is not absolute. *See United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986). The decision whether and to what extent such access shall be permitted is "left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *See id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Court does not maintain copies of the parties' trial exhibits after a trial has concluded; instead it returns its copies of those exhibits to their respective parties. Thus, any member of the public who wishes to access the Government's trial exhibits in this case should contact the United States Attorney's office, which is directed to provide or withhold such access in accordance with the provisions of this Order.

*First*, the Government is not required to permit any members of the public to access exhibits that were not actually introduced into evidence at trial. The Court is presently unaware of any basis or legal authority for the propositions that such exhibits are "judicial records" or that members of the public have any common-law right to access them.

*Second*, Government Exhibits 271, 272, and 275 were received into evidence under seal, and were redacted with Court permission pursuant to an agreement of the parties, in order to protect claimed trade secrets. Therefore, the Government may not provide unredacted copies of Government Exhibits 271, 272, and 275 to members of the public.

*Third*, the Court will not require the Government to bear any of the costs or expenses associated with providing members of the public access to its trial exhibits.

*Fourth*, some of the Government's trial exhibits contain personal identifying information or sensitive financial information that was not redacted when received into the record. In order to protect the privacy of individuals or entities whose personal identifying information or sensitive financial information might be contained in the Government's trial exhibits, the Government may not provide any member of the public access to any of its trial exhibits unless and until that member of the public signs the Certification which is attached to this Order as Court Exhibit A and filed on the docket at Doc. 401-1. The Government shall promptly provide the Court and the attorneys for all the parties in this case with a copy of every signed Certification it receives from members of the public.

*Fifth*, in order to further protect the privacy of individuals or entities whose personal identifying information or sensitive financial information might be contained in the Government's trial exhibits, the Government shall not permit members of the public to

*copy* the following exhibits, though upon request (and subject to the other limitations set out in this Order) the Government shall permit members of the public to *view* the following exhibits:

a. Government Exhibits 1, 2, 3, and 4, consisting of Arvest bank records related to checking accounts for Jon Woods;

b. Government Exhibit 5, consisting of Arvest bank records related to a checking account of Paradigm Strategic Consulting LLC;

c. Government Exhibit 7, consisting of Arvest bank records related to a checking account of Roof Recovery and Recycling LLC;

d. Government Exhibit 189, consisting of Centennial Bank records related to a checking account for Ecclesia Inc.;

e. Government Exhibits 194, 195, 196, and 197, consisting of earning summaries for Ecclesia Inc. employees;

f. Government Exhibits 198, 199, 200, and 201, consisting of summary of 15 highest paid employees;

g. Government Exhibit 216, consisting of the Ecclesia College Employment application and related records for Elizabeth Newlun;

h. Government Exhibits 221 and 222, consisting of a list of donors and donations to Ecclesia College;

i. Government Exhibit 283, consisting of a summary of compensation paid by Ecclesia College to Oren Paris and his family members;

j. Government Exhibit 290, consisting of emails related to Christina Mitchell's application for employment and an email attachment consisting of Mitchell's resume;

k. Government Exhibits 291, 292, and 293, consisting of personnel forms relating to the hiring and/or termination of Christina Mitchell and Julie Snodgrass;

l. Government Exhibit 304, consisting of an email and an email attachment consisting of Christina Mitchell's resume;

m. Government Exhibits 312 and 313, consisting of U.S. Bank records relating to a checking account for Ameriwork Inc.;

n. Government Exhibit 314, consisting of Bancorp South records for a checking account for The Cranford Coalition Inc.;

o. Government Exhibit 315, consisting of Underwood's Fine Jewelers records relating to purchases by Jon Woods including a credit application by Jon Woods;

p. Government Exhibit 316, consisting of Signature Bank records relating to a loan to Jon Woods including financial statement of Woods, 2014 U.S. Individual Income Tax Return for Woods, a credit report for Woods, and other financial information relating to Woods and the loan;

q. Government Exhibit 317, consisting of Signature Bank records related to a checking account for Jon Woods;

r. Government Exhibit 318, consisting of Signature Bank records showing loan transaction history for loan to Jon Woods;

s. Government Exhibits 319, 320, and 321, consisting of Arkansas Income Tax Returns for Jon Woods for 2012, 2013, and 2014; and

t. Government Exhibit 349, consisting of Bancorp South records showing Cranford Coalition Inc. checks cashed by Milton and Karen Cranford.

**IT IS THEREFORE ORDERED** that the Government shall permit members of the public to access its trial exhibits in this case, subject to the limitations set out in this Order.

**IT IS SO ORDERED** on this 8th day of June, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE