IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

V.                           **CASE NO. 5:17-CR-50010**

**JONATHAN E. WOODS;**
**OREN PARIS III; and**
**RANDELL G. SHELTON, JR.**                                   **DEFENDANTS**

## OPINION AND ORDER

Currently before the Court is Defendant Randell Shelton's Motion for Continuance of Sentencing Hearing (Doc. 439), the Government's Response (Doc. 441), and Mr. Shelton's Reply (Doc. 442). Also before the Court is Defendant Jonathan Woods's Response and Request to Join Mr. Shelton's Motion (Doc. 440). The Court would note at the outset of this Opinion and Order that it scheduled the sentencing hearings for Mr. Woods, Mr. Shelton, their codefendant Oren Paris, and Micah Neal (a defendant in a related case) to be held in a particular sequence and in close temporal proximity to each other. It is important to the Court that this sequence and close temporal proximity of these four very closely related and very complex sentencings be maintained, so that these sentencings may proceed in a rational, efficient, fair, and fully informed manner.

Mr. Shelton asks that his sentencing hearing, currently set for September 6, 2018, be continued to a date 30–45 days after its present setting. (Doc. 439, ¶ 7). He offers two reasons in support of this request. Mr. Woods likewise seeks a continuance of his own sentencing hearing, currently set for September 5, 2018, and he offers one reason of his own in support.

Mr. Shelton's first reason is that as his newborn daughter will be 6 weeks old on September 6, *id.* at ¶ 3, the requested continuance would "allow Mr. Shelton's wife and daughter to travel to Arkansas for his sentencing hearing," *id.* at ¶ 7. Similarly, Mr. Woods's sole basis is that he lives with his parents and helps to care for his father, and that a delay in the sentencing hearing will allow him "more time to care for his father." *See* Doc. 440, ¶ 2.

The Court does not ordinarily continue sentencing hearings in order to facilitate the attendance of loved ones or of any other members of the public who will be observing without participating, although of course their presence is welcome. And the Court does not ordinarily continue sentencing hearings in order to allow defendants more time at home with their loved ones. Sentences to terms of incarceration are always painful and disruptive to defendants, their loved ones, and their dependents. By making this observation the Court in no way means to diminish or trivialize the importance of these cherished relationships. But it is simply a harsh reality of the process that if such concerns were a sufficient basis to justify continuing sentencing hearings, then almost every sentencing hearing before this Court would nearly always be subject to delay.

Mr. Shelton's second reason is that since his conviction in May, one of his attorneys has "experienced significant health issues," *see* Doc. 439, ¶ 4, and the requested continuance would allow that attorney "to deal with her recent health issues," *id.* at ¶ 7. Mr. Shelton has not provided any further information about his counsel's health issues, "[d]ue to the sensitive nature of counsel's medical history," other than that they have necessitated "multiple doctors' visits" and the need for follow-ups with a specialist.

*See id.* at ¶ 5. But he has offered to file under seal whatever additional information the Court wants on the matter, *see id.* at ¶ 4 n.1.

The Court would make several observations here. First, Mr. Shelton is also represented by two additional extremely competent and experienced attorneys who were present throughout the month-long trial of this matter. Granted, Mr. Shelton states in his Reply that his sentencing hearing "will be handled by" the attorney with the health issues, who "was present with Mr. Shelton at his pre-sentence interview," and who also "reviewed and responded to Mr. Shelton's pre-sentence report." *See* Doc. 442, ¶¶ 2–4. But he does *not* say that his other two attorneys would be unable to provide effective representation at his sentencing hearing on September 6 in the absence of their co-counsel. For that matter, he never says that their co-counsel's health issues would actually prevent her from appearing at or preparing for the hearing on September 6 either. No mention is made, for example, of whether she has a medical appointment that cannot be rescheduled and that conflicts with the September 6 sentencing date.

Second, whatever her health issues are, the Court sees no indication that they have impeded Mr. Shelton's counsel from providing effective representation to him during his pre-sentence interview or while responding to his pre-sentence report. Given the ongoing effectiveness of her representation thus far, the Court presently sees no reason to believe this effectiveness would suddenly cease on September 6.

In conclusion, the Court presently lacks an adequate basis to conclude that Mr. Shelton would suffer any unfair prejudice at his sentencing hearing absent a continuance. **IT IS THEREFORE ORDERED** that Defendant Randell Shelton's Motion for Continuance of Sentencing Hearing (Doc. 439) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Jonathan Woods's Response and Request to Join Mr. Shelton's Motion (Doc. 440) is **GRANTED IN PART AND DENIED IN PART**, in that Mr. Woods is permitted to join Mr. Shelton's Motion, but Mr. Woods's sentencing hearing, like Mr. Shelton's, will not be continued.

**IT IS SO ORDERED** on this 22nd day of August, 2018.

                                                TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE