IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**                          **CASE NO. 5:17-CR-50010**

**JONATHAN E. WOODS;**
**OREN PARIS III; and**
**RANDELL G. SHELTON, JR.**                                                    **DEFENDANTS**

## OPINION AND ORDER

On August 2, 2018, the Court entered an Order announcing its intent to dissolve paragraph 4 of the Protective Order previously filed at Doc. 14, and to unseal all filings in this case that were sealed solely pursuant to that Protective Order unless they pertain to matters that were not publicized at trial or at a 3-day public hearing that was held on January 25, January 26, and February 15. See Doc. 425. In that August 2 Order, the Court gave the parties a deadline of August 9, 2018 by which to object to this proposed course of action. See id. at 2. All parties filed timely responses to the August 2 Order. Defendant Jonathan Woods stated that he has no objection. See Doc. 435. Defendants Oren Paris and Randell Shelton reasserted their prior motions to dissolve the Protective Order entirely; but alternatively, they concurred in the Court's proposed course of action while requesting that the Court also dissolve paragraphs 1–3 and 7 of the Protective Order. See Doc. 430, pp. 1–2; Doc. 434. The Government objected to dissolving paragraph 4 of the Protective Order, but consented to unsealing the filings that the Court identified in its August 8 Order, provided that certain redactions be made. See Doc. 433.

1

The Court has reviewed the Government's proposed redactions, and finds them to be appropriate. The Court agrees with the Government that all of those proposed redactions appear to contain either "Grand Jury information," or "other personal and sensitive information" about third parties that has no relevance to any of the Court's rulings in this case. *See id.* at 2. Accordingly, the Clerk of the Court will be instructed to unseal the documents previously identified in the Court's August 8 Order, but with the Government's proposed redactions, as further specified at the end of the instant Order.

The Court has also considered the parties' arguments about whether various paragraphs in the Protective Order should be dissolved. Messrs. Shelton and Paris argue that there is no longer good cause for keeping the Protective Order in place because at the aforementioned hearing and trial "the vast majority of this information has been disseminated in one form or another," and "[a]ttempting to ascertain what specific needle in the haystack of this discovery . . . has been put on public display as opposed to what has not is nearly impossible." *See* Doc. 430, p. 4. But while the Court agrees that good cause no longer exists to protect information that has already entered the public record, the Court does not share the idea that this is an all-or-nothing proposition. Indeed, the Court believes the task of separating the needles from the haystack has largely already been accomplished, through the Court's identification of filings to be unsealed and the Government's responsive identification of excerpts from those materials that should be redacted. And although the Court does not intend at this time to dissolve the paragraphs of the Protective Order that restrict the Defendants' ability to share discovery with third parties, *see* Doc. 430, pp. 2–3 (Mr. Shelton arguing that the Court should dissolve paragraphs 1 through 3 of the Protective Order), the Court believes that this Order's

unsealing of numerous filings in this case will largely moot whatever concerns might otherwise weigh against lifting or easing the Protective Order's restrictions on sharing discovery materials or their contents. After all, the Government, Defendants, and all other members of the public, are free to direct anyone's attention they wish to any material that is filed on the public docket in this or any other case.

Going the other direction, the Government takes the position that the entire Protective Order should remain in place—including paragraph 4, which the Court had proposed dissolving, and which reads: "Should the Defendants include discovery materials or their contents in a pleading or other court filing, that document shall be filed under seal." (Doc. 14, ¶ 4). *See* Doc. 433, p. 2. The Government contends this provision remains necessary in order to act "as a continued safeguard to protect future pleadings or other Court filings that may contain certain discovery materials or their contents that should be filed under seal." *See id.* Given that the Court is persuaded that some of the materials it was contemplating unsealing should be partially redacted, the Court likewise agrees that there is some ongoing need for protection of materials whose contents should be filed under seal. However, as with Messrs. Paris's and Shelton's arguments above, the Court does not believe this is an all-or-nothing situation. Accordingly, and as further specified at the end of the instant Order, the Court will amend paragraph 4 of the Protective Order to exempt from its scope materials for which there is no longer any ongoing need for protection.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall **unseal the following filings and all attachments thereto**: Docs. 53, 56, 63, 67, 68, 83, 84, 87, 90,

129, 133, 134, 141, 148, 163, 171, 174, 184, 185, 195, 198, 201, 208, 238, 254, 261, 271, 273, 275, 276, 277, 282, 293, 294, and 316.

**IT IS FURTHER ORDERED** that the following filings are attached as unrestricted exhibits to this Order, but with redactions that have been requested by the Government and approved by the Court:

- Doc. 73 as Exhibit A;[1]
- Doc. 109 as Exhibit B;
- Docs. 132 and 132-1 as Exhibit C;
- Doc. 168 as Exhibit D;[2]
- Docs. 170, and 170-1 through 170-14 except 170-7, 170-10, and 170-12 as Exhibit E;[3]
- Doc. 186 as Exhibit F;
- Doc. 187 as Exhibit G;
- Doc. 202 as Exhibit H;
- Doc. 203 as Exhibit I;

---

[1] Pages 8 and 9 of Exhibit A contain some redactions that were not requested by the Government. However, the Court believes they are warranted for the same reasons that the redactions the Government requested on page 8 are warranted.

[2] The redactions in Exhibit D were not requested by the Government. However, the Court believes they are warranted for the same reasons that the redactions in Exhibit A and Docs. 170, 170-10, and 170-12 are warranted.

[3] Continued sealing of Docs. 170-10 and 170-12 was not requested by the Government. However, the Court believes it is warranted for the same reasons that the redactions in Doc. 170 are warranted.

- Docs. 267 and 267-1 as Exhibit J;[4]

- Doc. 270 as Exhibit K;

- Doc. 309 as Exhibit L; and

- Doc. 313 as Exhibit M.

**IT IS FURTHER ORDERED** that paragraph 4 of the Protective Order filed at Doc. 14 in this case is hereby **AMENDED** to read as follows: "Should the Defendants include discovery materials or their contents in a pleading or other court filing, that document shall be filed under seal. However, this requirement does not apply to any discovery materials that the Court has previously permitted to be filed on the public docket, except to the extent that the Court has required such previous public filings to be redacted."

**IT IS SO ORDERED** on this 31st day of August, 2018.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[4] The Government did not request redaction of Doc. 267-1, p. 3. However, the Court believes it is warranted for the same reasons that the redactions in Doc. 267 are warranted.